<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1082**

NGM INSURANCE COMPANY, f/k/a National Grange Mutual
Insurance Company,

 Plaintiff - Appellant,

 v.

NORMAN L. KURAS, JR., d/b/a Carolina's Power Wash &
Painting, f/k/a Carolina's Painting & Pressure Washing;
CATHY CROMER; LISA GLOVER,

 Defendants - Appellees,

 and

CAROLINA'S POWER WASH & PAINTING, LLC,

 Defendant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston. David C. Norton, Chief District
Judge. (2:08-cv-03378-DCN)

Argued: December 9, 2010          Decided: January 11, 2011

Before TRAXLER, Chief Judge, and WILKINSON and MOTZ, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jonathan Joel Anderson, ANDERSON & REYNOLDS, LLC,
Charleston, South Carolina, for Appellant. Richard Hunt McDuff,

SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina, for Appellees. **ON BRIEF:** Eric M. Johnsen, ANDERSON & REYNOLDS, LLC, Charleston, South Carolina, for Appellant. Jason D. Maertens, SMITH MOORE LEATHERWOOD, LLP, Greenville, South Carolina, for Appellee Norman L. Kuras, Jr.; M. Brent McDonald, SMITH, BUNDY, BYBEE & BARNETT, PC, Mt. Pleasant, South Carolina, for Appellees Lisa Glover and Cathy Cromer.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

NGM Insurance Company ("NGM") filed this diversity action against Carolina's Power Wash & Painting, LLC and its owner, Norman Kuras (together, the "Insured"), as well as two persons who had brought suit against the Insured, Cathy Cromer and Lisa Glover. NGM seeks a declaratory judgment that a "contractors policy" issued to the Insured does not cover tort claims that Cromer and Glover have filed in state court. The district granted summary judgment to the Insured, holding that the policy applies and NGM must indemnify the Insured for any recovery by Cromer and Glover. We affirm.

I.

For summary judgment purposes, the parties have stipulated to the following facts.

On March 13, 2003, the Insured, a specialty contractor, had renewed an existing contractors policy with NGM, effective until March 13, 2004. The policy covered the Insured for "those sums that the insured becomes legally obligated to pay" because of bodily injury. Pursuant to an exclusion popularly known as the "pollution exclusion," coverage did not extend to bodily injury "arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of pollutants." The policy defined pollutants as "any solid, liquid, gaseous or

3

thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned, or reclaimed." The exclusion applied if the Insured was "performing operations" and "in connection with such operations" the Insured brought "pollutants . . . on or to the premises, site or location."

On April 30, 2003, the Insured entered into a contract with the United States Postal Service (the "USPS") to paint the interior of the main post office in Johns Island, South Carolina. The Insured secured the contract only after showing proof of liability insurance to the USPS.

To perform the contract, the Insured brought paints, primers, and solvents intended for normal interior applications to the Johns Island post office. As employees of the USPS at the Johns Island post office, Cathy Cromer and Lisa Glover were present during the Insured's operations. "In the course of preparation, application, and/or clean up," the Insured allegedly "exposed" Cromer and Glover to "fumes, vapor, dust, and/or residue" of the paint products.

In March 2006, Cromer and Glover filed an action in South Carolina state court against the Insured seeking compensation for these injuries. They alleged in their complaint that exposure to the paint products caused them chemically induced

4

asthma, chronic obstructive pulmonary disease, reactive airways dysfunction syndrome, and other personal injury.

## II.

On October 3, 2008, NGM filed this diversity action seeking a declaratory judgment that the policy's pollution exclusion bars coverage for the claims filed in Cromer and Glover's state court action. Properly applying South Carolina law, the district court granted summary judgment to the Insured. The court reasoned that, under these circumstances, the language of the pollution exclusion was subject to more than one reasonable interpretation and therefore ambiguous. Consistent with South Carolina law, the district court considered, as evidence of the exclusion's ambiguity, the nationwide division of authority over whether the pollution exclusion applies only to traditional environmental damage. After finding the language of the exclusion ambiguous, the district court invoked the South Carolina rule requiring interpretation of an ambiguity in an insurance contract against an insurer and, accordingly, granted judgment to the Insured.

NGM filed a timely appeal. It argues that the exclusion is unambiguous and therefore applies to bar coverage for the claims filed in state court against the Insured. We review a grant of summary judgment de novo, examining the facts in the light most

5

favorable to the nonmoving party.  See Anderson v. Russell, 247 F.3d 125, 129 (4th Cir. 2001).

III.

After having the benefit of oral argument and carefully reviewing the briefs, record, and controlling legal authorities, we conclude that the district court's analysis was correct. Accordingly, we affirm on the basis of the district court's well reasoned opinion.  See NGM Ins. Co. v. Carolina's Power Wash & Painting, LLC, No. 2:08-cv-3378-DCN (D.S.C. Jan. 12, 2010).

AFFIRMED